[Civ. No. 20842.   Second Dist., Div. One.   June 13, 1955.]

DORA ZEIDMAN, Appellant, v. MARGARET HULSEY
ANTICOUNI, Respondent.

Berk & Beise and Jerry Berk for Appellant.

King & Mussell and Stanley Mussell, Jr., for Respondent.

DORAN, J.—This is an appeal from the judgment.

The action is for damages resulting from an automobile collision.  The jury returned a verdict for defendant.

As recited in appellant's brief, "The auto collision in question occurred on February 20, 1952, at approximately 2:20 A. M., at the intersection of Washington Boulevard and Western Avenue, in the City of Los Angeles.  Decedent Benjamin Zeidman, operating a Plymouth automobile, was proceeding in a general westerly direction along and upon Washington Boulevard, and the defendant, Margaret Hulsey Anticouni, operating a Ford station wagon, was proceeding in a southerly direction along and upon Western Avenue.

That death of Benjamin Zeidman resulted from this collision, is admitted. The issues, in general, concern themselves with the negligence of the defendant, and the contributory negligence of the decedent, which issues, when refined, amounted to whether the defendant, and/or the decedent, entered the aforementioned intersection with the right of way; whether the defendant and/or decedent were proceeding at a lawful rate of speed at the time immediately prior to the collision. . . .''

''Plaintiff requested, among other instructions, the following, to wit:

'' 'The presumption is that every man obeys the laws, and the presumption in this case is that plaintiff's husband, Benjamin Zeidman, was travelling at a lawful rate of speed, and entered the intersection while the signals controlling westbound traffic on Washington Boulevard were ''green'' or ''go''. This presumption is in itself a species of evidence, and it shall prevail and control your deliberations until, and unless it is overcome by satisfactory evidence.'

''The Court amended said requested instruction to read:

'' 'The presumption is that every person obeys the law with respect to the traffic signals. This presumption is in itself a species of evidence, and it shall prevail and control your deliberations until, and unless it is overcome by satisfactory evidence.'

''There was no other instruction, covering the point as to the presumption of due care by the decedent, given by the Court.''

Appellant argues, ''This instruction was not given. Had it been given, it would have, by its very terms, become a species of evidence, that decedent had traveled at a lawful rate of speed and that he did enter the intersection while the signal guiding his travel was 'green' or 'go.'

''It would have then become a question for the Jury as to whether the presumption, weighed with or against the evidence introduced by the respondent and her witnesses, would prevail or be overcome, but this question was not presented to the Jury, because the instruction, as requested was not given. This is precisely the error complained of.''

■ Appellant contends that,

''1. The Court committed prejudicial error in refusing to give the plaintiff's instruction as submitted and by giving the instruction as amended by the Court, plaintiff was substantially deprived of the presumption of due care.

"2. The Court committed prejudicial error in giving to the jury, the instruction as amended, which told the jury that a presumption of due care applied to the defendant."

Respondent, on the other hand, points out that,

"The instruction as amended obviously extended the benefit of the presumption to both parties. Moreover, at appellant's request, the Court gave the following instruction:

" 'The law presumes that Benjamin Zeidman, now deceased, in his conduct at the time of and immediately preceding the accident here in question, was exercising ordinary care and was obeying the law.

" 'These presumptions are a form of *prima facie* evidence and will support findings in accordance therewith, in the absence of evidence to the contrary. When there is other evidence that conflicts with such a presumption, it is the jury's duty to weigh that evidence against the presumption and any evidence that may support the presumption to determine which, if either, preponderates. Such deliberations, of course, shall be related to, and in accordance with, my instructions on the burden of proof.'

"This latter instruction applied specifically to the decedent's conduct only." In this connection respondent argues that, "appellant was not deprived of the instruction of due care."

There are, of course, many cases on the subject involved but it would serve no useful purpose to quote from them for the law is well settled. Obviously, appellant's contention that the modification of the instruction misled the jury is of course an assumption. As a matter of fact and as a matter of law, it appears that the jury was adequately instructed on the subject and that no prejudice could have resulted from the modification as argued by appellant.

That the evidence supports the verdict there can be no question and a review of the record reveals no prejudicial errors.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.